```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

MARY JANE CAMPBELL                                        PLAINTIFF


v.                                     Case No. 06-5154


DAVOL INC., a Rhode Island corporation;
C.R. BARD, INC., a New Jersey corporation;
SURGICAL SENSE, INC., a Texas corporation;
JOHN DOE I; JOHN DOE II; JOHN DOE III;
JOHN DOE IV; and JOHN DOE V                              DEFENDANTS

## ORDER

Now on the 16th day of January, 2007, comes on for consideration **Defendants' Motion to Dismiss (doc. #5).** The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, finds and orders as follows:

1. Separate defendants Davol, Inc. and C.R. Bard, Inc., filed the instant motion in response to the plaintiff's complaint. During the course of the parties' briefing of the motion, the plaintiff moved, and was allowed to amend her complaint. The plaintiff's amended complaint was filed herein on December 4, 2006.

2. Although the separate defendants have not filed a pleading in response to the amended complaint, attorneys for the separate defendants have informed the Court that the issues

1

presented by the original motion to dismiss (doc. #5) are applicable to the amended complaint.

  2. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal for failure to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court "must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party."  <u>Young v. City of St. Charles</u>, 244 F.3d 623, 627 (8th Cir. 2001).  Although dismissal for failure to state a claim can only be granted when it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief, "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  <u>Young</u>, 244 F.3d at 627.

  Under Rule 12(b)(6), the Court is obliged to decide a motion to dismiss with reference only to the pleadings and attachments thereto.  However, upon the Court's review of the instant motion, it appears that "matters outside the pleadings" have been presented for this Court's consideration.  Therefore, the Court

should, at this time, and considering that an amended complaint has been filed, **deny the motion, as moot.** *See* Fed. R. Civ. P. 12(b)(6).

The separate defendants are hereby instructed to respond the amended complaint, in whatever fashion they see fit, within the ten (10) days from the date of this Order.

IT IS, THEREFORE, ORDERED that **Defendants' Motion to Dismiss (doc. #5)** is moot, and is therefore, **denied** as such.

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
UNITED STATES DISTRICT JUDGE