```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FAYETTEVILLE DIVISION
```

MARY JANE CAMPBELL                                          PLAINTIFF

                v.                Civil No. 06-5154

DAVOL, INC., C.R. BARD, INC.,
SURGICAL SENSE, INC., and
WCO MEDICAL PRODUCTS
CORPORATION (formerly JOHN DOE I)                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Now on this 17th day of August, 2009, comes on for consideration **Separate Defendants Surgical Sense, Inc.'s and WCO Medical Products Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint** (document #60), which, pursuant to this Court's Order of October 21, 2008 (document #84) was converted to a motion for summary judgment. Having considered the pleadings of the parties, the Court, being well and sufficiently advised, finds and orders as follows:

    1. The plaintiff originally brought this action against the defendants in the Circuit Court of Benton County, Arkansas on July 28, 2006. The case was removed to this Court on August 22, 2006. The case was later transferred to the Judicial Panel on Multidistrict Litigation in June of 2007, and, in February of 2008 was remanded to this Court. The plaintiff's Second Amended Complaint (document #58) asserts claims against Davol, Inc., C.R. Bard, Inc., Surgical Sense, Inc., and WCO Medical Products Corporation. The plaintiff's complaint stems from the placement

of a Kugel Hernia Patch in her stomach following breast reconstruction.

2. Separate defendants Surgical Sense, Inc. (hereinafter "Surgical Sense") and WCO Medical Products Corporation (hereinafter "WCO") now move for summary judgment pursuant to Rules 9(a), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. The essence of the instant motion concerns the argument of Surgical Sense and WCO that they are dissolved entities and lack the capacity to be sued.

3. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); *see also* Bailey v. United States

-2-

Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

4. For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties, the Court believes the following material undisputed facts appear:

* In 1999, Mary Campbell, the plaintiff, had breast cancer and underwent a right mastectomy.

* On May 21, 1999, Campbell had surgery for a breast reconstruction procedure. During the procedure, Campbell had a Kugel Hernia Patch implanted into her abdomen.

* The Kugel Hernia Patch was manufactured and distributed by Surgical Sense.

* On March 6, 1996, Surgical Sense filed its Articles of Incorporation with the Texas Secretary of State.

* In January of 2000, Surgical Sense entered into an Asset Purchase Agreement with Bard ASDI, Inc. ("Bard") wherein Surgical

Sense sold substantially all of its assets to Bard, including its hernia-repair product line.  After the sale, Surgical Sense ceased doing business and commenced the wind-up of its business with the intention of ultimately liquidating and dissolving.

*   As a part of the Asset Purchase Agreement with Bard, Surgical Sense agreed to change its name.

*   On or about January 28, 2000, Surgical Sense filed Articles of Amendment with the Texas Secretary of State, officially changing its name to WCO Medical Products Corporation.

*   At all times, Surgical Sense and WCO were the same legal entity; WCO was simply the entity formerly known as Surgical Sense.

*   In April of 2002, WCO voluntarily dissolved.  On April 8, 2002, WCO, the entity formerly known as Surgical Sense, filed Articles of Dissolution with the Texas Secretary of State.

*   After January of 2000, WCO ceased operations and conducted no further business other than paying off its liabilities and managing the proceeds from the sale of its business.

*   At the time of dissolution in April of 2002, no claims existed against WCO or Surgical Sense that had not been fully paid and satisfied.

*   Campbell filed her complaint in the instant matter in the Circuit Court of Benton County, Arkansas on July 28, 2006.

The instant matter was removed to this Court on August 22, 2006.

5.   As stated above, the essence of the instant motion of Surgical Sense and WCO is that Surgical Sense and WCO are dissolved entities and lack the capacity to be sued.

Rule 17(b)(2) of the Federal Rules of Civil Procedure provides that the "[c]apacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized." It is undisputed that both Surgical Sense and WCO were organized under the law of the State of Texas; therefore, Texas law controls their capacity to be sued.

6.   Under Texas law, the legal existence of a corporation terminates upon dissolution, and the corporation can then no longer sue or be sued. Tex. Bus. Corp. Act Ann. Art. 7.12(2006). Further, Texas law permits a dissolved corporation to be held liable for a claim that existed prior to dissolution only when the claim is brought within three years of the corporation's dissolution. Id.[1]

It is undisputed that Surgical Sense and WCO were dissolved on April 8, 2002. It is also undisputed that the claims of the plaintiff were not brought until July 28, 2006. The plaintiff's claims against Surgical Sense and WCO are thus barred as a matter of law. Summary judgment is hereby granted in favor of Surgical

---

[1] Surgical Sense and WCO were organized and governed by the Texas Business Corporation Act. In 2003, the Texas Business Corporation Act was reorganized into the Texas Business Organizations Code.

Sense and WCO and the plaintiff's claims against Surgical Sense and WCO are dismissed.

**IT IS, THEREFORE, ORDERED** that **Products Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint** (document #60), which, pursuant to this Court's Order of October 21, 2008 (document #84) was converted to a motion for summary judgment, should be, and it hereby is **granted.**

**IT IS FURTHER ORDERED** that plaintiff's complaint against Surgical Sense and WCO is **dismissed.**

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE